ELIZABETH ATKINSON *v.* JOSEPH TALBOTT, ET AL.

The indorser of a negotiable note is discharged from liability thereon in case his indorsee gives the maker an extension of time by taking a new note and receiving the interest in advance.

SPECIAL TERM.—Action on promissory note.

The facts are sufficiently stated in the decision.

*Fox & French*, for plaintiff.

*Newton & Horton*, for defendant Horton.

STORER, J. This is an action upon a promissory note for $400, dated Oct 9, 1854, made by Joseph Talbott, payable in sixty days to John L. Talbott, or order, and by him indorsed, together with Lee and Talbott and N. T. Horton.

All the parties, save Horton, are in default. He has filed an answer, claiming that he was the accommodation indorser and surety of the maker, and that when the note became due on the 11th December, 1854, the plaintiff, who was the holder, received from the maker a draft for the amount of the note, payable in sixty days, paying the interest, at the rate of ten per cent., in advance, for the new credit, the effect of which, it is contended, was to discharge the indorser.

If the draft was intended as a renewal of the previous note, and time was given thereby to the maker, without the indorser's consent, his liability is extinguished. It is necessary, however, that the agreement to extend the time should be founded upon a sufficient consideration, and gave to the maker the right to a new credit. In the present case, the interest for the renewed credit was paid to the holder, by the maker, in advance, which was equivalent to an agreement, for value received, to postpone the payment; it gave the maker the right to compel the creditor to allow the additional time stipulated, and of course deprived the indorser of the privilege, he would otherwise have had, to sue the principal. Such was the ruling in the case, in 2 Camp., 179, *McLemore* v. *Powell;* 6 Peters, 250, *Bank United States* v. *Withall* v. *Masterman,* where the holder of a bill had, at maturity, allowed the acceptor to renew it, without consulting the indorser, and the indorser was held to be discharged.

The principle alluded to, is settled in 12 Wheaton, 554, *McLemore* v. *Powell;* 6 Peters, 250, *Bank Uniled States* v. *Hatch;* and our Supreme Court has repeatedly affirmed it. 5 Ohio, 214, *Steubenville Bank* v. *Carroll's adm'r;* 13 Ohio, 84, *Canton Bank* v. *Reynolds;* 6 Ohio, 17, *Steubenville Bank* v. *Hoge;* 14 Ohio 348, *McComb* v. *Kittridge.*

It is claimed, however, that the draft was deposited by the maker, and taken by the holder of the note as collateral secu-

rity only, and not intended to affect the rights of the parties to the notes. Whatever the intention may have been, the question is, what was the legal effect of the arrangement? Could the maker of the note have been sued upon *it* until the draft had become due? In other words, was not the payment of the interest, if no draft had been given, a sufficient consideration to postpone the payment of the note for sixty days? We think it was, and the indorser is therefore discharged.

In no point of view could the draft have been regarded as collateral, as it could have furnished no new security—the same parties being bound by its terms, with the exception of Horton, as were originally bound by the note.

Dismissed as to Horton.